OPINION
Defendant-appellant George K. Moore appeals from the decision of the Jefferson County Common Pleas Court which denied his motion to suppress evidence. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
On March 7, 1995, Lieutenant John Myers, who is a police officer for Mingo Junction and an investigator for the Jefferson County Prosecutor's Office, received information from the Wintersville Police Department that appellant was a heroin and crack dealer. He was informed that between 1:00 and 2:00 p.m. appellant often leaves his house at 209 Cadiz Road in Wintersville, drives a rental car or his black Lincoln to Pittsburgh with an acquaintance, and returns four hours later with approximately $1,000 worth of heroin separated into balloons ranging in price from $40 to $80. As such, Lieutenant Myers began investigating appellant. Background checks on appellant and his companion were run, and criminal records were discovered which included drug convictions.
Then, on June 23, 1995, a confidential source confirmed the information possessed by Lieutenant Myers. The source recited appellant's address, a description of his car and his license plate number. The source advised that one of appellant's heroin customers told him that appellant obtains his heroin and crack in Pittsburgh. The next morning, the source called and disclosed that appellant and a companion were planning to drive the black Lincoln to Pittsburgh that day to retrieve heroin and crack. According to the source, appellant would drive over the new Memorial Bridge on Route 22 and would be gone for four hours.
Lieutenant Myers set up surveillance in West Virginia at the Memorial Bridge. At 2:20 p.m., appellant was observed driving east and was followed to the Pennsylvania border. Appellant returned home at 6:45 p.m. On the night of June 25, Lieutenant Myers obtained a search warrant for appellant's house based upon an affidavit which recited the above facts. The affidavit also stated that reliable information had been received within the last twenty-four hours indicating that appellant had heroin in his home. The search warrant was executed that night, and drugs were discovered. Appellant was arrested and thereafter indicted on one count of possessing a weapon under a disability, one count of receiving stolen property and five counts of drug abuse based upon the confiscation of heroin, cocaine, hydrocodone, morphine and marijuana.
Appellant moved to suppress all evidence on the ground that the affidavit upon which the search warrant relied was insufficient. At the suppression hearing, the state presented the testimony of Lieutenant Myers and David McQuistion, a professional undercover operative. It was revealed that after appellant returned home from Pittsburgh, Lieutenant Myers asked Mr. McQuistion to attempt to buy drugs from appellant. Mr. McQuistion went to a woman whom he had purchased drugs from before and asked her to get drugs for him from appellant. They went to appellant's house and Mr. McQuistion waited in the car. The woman talked to appellant and then told Mr. McQuistion that appellant "looked really high on the stuff" and "said that he was holding but he didn't want to sell any." (Tr. 26). These were the details behind Lieutenant Myers' statement in the affidavit that he had received reliable information within the last twenty-four hours that appellant had heroin in his home.
The trial court overruled appellant's suppression motion. Then, in October 1995, appellant was found not guilty on the count of receiving stolen property, and he pled no contest to the remaining six counts. Appellant was sentenced to various consecutive terms of imprisonment on each of the offenses. The within appeal followed. Due to problems with counsel, new counsel was appointed and granted leave to file appellant's brief. This brief was then filed in early 1999.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM A SEARCH INCIDENT TO AN INVALID WARRANT OBTAINED IN VIOLATION OF APPELLANT'S RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS. THE AFFIDAVIT ON WHICH THE WARRANT WAS ISSUED WAS NOT SELF-SUFFICIENT BECAUSE IT FAILED TO INFORM THE MAGISTRATE THAT THE INFORMANTS USED WERE RELIABLE AND TRUTHFUL. THE TRIAL COURT'S RULING WAS INCONSISTENT WITH THE UNITED STATES SUPREME COURT'S DECISION IN AGUILAR v. TEXAS (1964), 378 U.S. 108, 114 * * *."
Appellant relies upon a United States Supreme Court case which sets forth a two-prong test for determining whether an affidavit relating an informant's report is sufficient to establish probable cause. Id. at 114. Under this test, an affidavit is insufficient to support a warrant unless it specifically contains the basis of the informant's knowledge and establishes the veracity or reliability of the informant. Id. See, also, Spinelliv. United States (1969), 393 U.S. 410. However, this test has since been rejected as hypertechnical and unrealistic.
Pursuant to Illinois v. Gates (1983), 462 U.S. 213, the informant's veracity or reliability and basis of knowledge are not separate requirements that must be demonstrated prior to the issuance of a search warrant. Rather, they are mere factors which play a role in the new totality of the circumstances test. For instance, an affidavit with a deficiency in veracity can be compensated for by a strong showing as to some other indicia of overall reliability. Gates at 233. To establish veracity, the police officer acting as the affiant need not have had prior experience with the informant whose supply of hearsay is being utilized to establish probable cause. Id.
The issuer of the warrant has the discretion to evaluate many factors and determine the probabilities that flow from the entire evaluation. Id. at 231. Since an evaluation of the totality of the circumstances is largely fact-specific, reviewing courts do not conduct a de novo review but rather defer to the judgment of the issuer of the warrant. Id. at 236; State v. George (1989),45 Ohio St.3d 325, 329-330. Our role as a reviewing court is merely to ensure that the individual who issued the warrant had a substantial basis for concluding that the search would uncover evidence of wrongdoing. Gates at 236, 238-239; George at 330. In fact, we have been advised that "doubtful or marginal cases in this area should be resolved in favor of upholding the search warrant." George at 330.
The facts of Gates are analogous to the case at bar. In that case, the police received an anonymous letter which disclosed the address of the two married defendants and stated that they often buy drugs from Florida. Id. at 225. The letter revealed that on May 3, the wife would drive to Florida and the husband would fly there later to drive the car back which will be loaded with $100,000 worth of drugs. Id. Acting on this information, the police conducted surveillance which corroborated the predictions made in the anonymous letter. Id. at 226-227. A search warrant was issued and upheld on these facts.
The court indicated that, standing alone, the anonymous letter would have been insufficient to support a warrant. Id. at 227. However, the court declared that the corroborated details of the letter provided substantial basis for a magistrate to find that there was a fair probability that drugs would be found in the defendants' house and car. Id. at 241, 244. The court presumed an acceptable basis of knowledge from the facts when it noted that the defendants' travel plans were likely obtained from the defendants themselves or from someone they trusted. Id. at 246.
Similarly, in the case at bar, police surveillance of appellant confirmed the confidential source's predictions regarding travel plans and times. Appellant crossed the bridge that the source claimed he would and entered Pennsylvania on a road leading to Pittsburgh. Appellant's trip lasted just as long as the source contended it would. Furthermore, the source provided general and specific information which corroborated data that Lieutenant Myers had previously gained from the Wintersville Police Department. As aforementioned, independent police investigation which produces corroboration of a confidential source is an important feature in a totality of the circumstances evaluation.
Moreover, Mr. McQuistion approached a woman from whom he had purchased drugs in the past. She told him that she had purchased drugs from appellant before and that she would try to do so again. Mr. McQuistion then watched the woman converse with appellant. The woman then reported to Mr. McQuistion that appellant seemed to be under the influence of heroin which he possessed but would not sell to her. The warrant was issued within hours of this, and drugs were discovered in appellant;s house. These facts further add to the reliability of the confidential source. As for the basis of the informant's knowledge, the affidavit stated that the confidential source obtained his knowledge from one of appellant's heroin customers. Analogously, the Gates court endorsed an informant's basis of knowledge which derived from someone the suspect trusted. Id. at 246.
For the preceding reasons, we shall not substitute our judgment for that of the trial court who held that there existed a substantial basis for believing the confidential source to be credible or reliable based upon multiple episodes of corroboration. See Crim.R. 41(C). Following the decision of Gates
and under the totality of the circumstances, we hold that the affidavit was sufficient to provide a substantial basis upon which the trial court could have found that there was a fair probability that drugs would be discovered in appellant's house.
For the foregoing reasons, the judgment of the trial court is affirmed.
Donofrio, J., Waite, J., concurs.
APPROVED:
 _________________________ JOSEPH J. VUKOVICH, JUDGE